```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------

PETER ANTHONY COLE,

                Plaintiff,        19-cv-8376 (JGK)

     - against -             MEMORANDUM OPINION
                                                             & ORDER

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, NEW
YORK CITY DEPARTMENT OF ENVIRONMENT
PROTECTION, NEW YORK STATE URBAN
DEVELOPMENT CORPORATION D/B/A
EMPIRE STATE DEVELOPMENT, DORMITORY
AUTHORITY OF THE STATE OF NEW YORK
AND NATIONAL RAILROAD PASSENGER
CORPORATION D/B/ A AMTRAK,

                Defendants.

------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

On or about August 6, 2019, the plaintiff, Peter Anthony Cole, brought this action in the New York State Supreme Court, New York County, against the City of New York ("City"), the New York City Department of Transportation ("DOT"), and the New York City Department of Environmental Protection ("DEP") (collectively, the "City Defendants"), together with the New York State Urban Development Corporation D/B/A Empire State Development ("ESD"), the Dormitory Authority of the State of New York ("DASNY"), and the National Railroad Passenger Corporation ("Amtrak"). Dkt. No. 2-1. The plaintiff served the City Defendants and Amtrak on August 8, 2019, DASNY on August 12, 2019, and ESD on August 15, 2019. Dkt. No. 24-3. On September 9,

1

2019, Amtrak removed the case to the District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441, which provides for removal of a civil action over which a federal district court has original jurisdiction. Dkt. No. 2. Federal jurisdiction was based on 28 U.S.C. §§ 1331 and 1349 because Amtrak, a corporation organized under federal law, is a party and more than one-half of its capital stock is owned by the United States. See id. The plaintiff now moves to remand this case to the state court.

For the reasons explained below, the plaintiff's motion to remand is **granted**.

I.

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Vargas v. Holden, No. 10-CV-8567, 2011 WL 446199, at *1 (S.D.N.Y. Feb. 8, 2011) (quoting Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004)). "[S]tatutory procedures for removal are to be strictly construed" in light of the limited jurisdiction of federal courts. In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (quoting Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002)). Any doubts regarding the propriety of removal "should be resolved in favor of remand." Zerafa v. Montefiore Hosp. Hous. Co., 403 F. Supp. 2d 320, 327 (S.D.N.Y. 2005)

(citation omitted) (collecting cases); see also Varela v. Flintlock Const., Inc., 148 F. Supp. 2d 297, 298 (S.D.N.Y. 2001) ("[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (internal quotation marks and citation omitted).

The plaintiff moves to remand on the ground that removal was improper because Amtrak lacked the other defendants' unanimous consent to remove the case to federal court. Amtrak argues that an email it received from counsel for DASNY consenting to removal on behalf of DASNY and ESD was sufficient under the statute, which does not proscribe a specific form consent must take. In regard to the City Defendants, Amtrak asserts that the plaintiff erred in naming DOT and DEP as defendants, and that consent from the City was unnecessary because the City is only a nominal party and because the City had not yet appeared in the state court action when it was removed to this court.

## II.

Where an action is removed solely under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Even before this specific provision was incorporated in the statute in 2011, courts in the Second Circuit "consistently interpreted the statute 'as requiring that

all defendants consent to removal within the statutory thirty-day period [for removal], a requirement known as the rule of unanimity.'" L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc., No. 16-CV-3766, 2017 WL 1207839, at *4 (S.D.N.Y. Mar. 31, 2017) (citing Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012) (per curiam)); see also Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999) (collecting cases showing "widespread agreement" among district courts that all named defendants must join in a removal petition for removal to be proper). Where a defendant fails to comply with the rule of unanimity, "[c]ourts have very little discretion—if any—to forgive [it]." L.Y.E. Diamonds Ltd., 2017 WL 1207839, at *4 (internal citation omitted).

Three recognized exceptions to the rule of unanimity allow a removing defendant to "forego securing the consent of any co-defendant who: (1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removed claim, which is a separate and independent claim from those asserted against the non-consenting defendant as defined by 28 U.S.C. § 1441(c)." Metro. Transp. Auth. v. U.S. Fid. & Guar. Co., 14-CV-9059, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) (citation and alterations omitted). None of those exceptions apply in this case.

4

A.

While § 1446(b)(2)(A) requires that all properly served defendants consent to removal, courts of appeals are divided regarding the form that consent to removal must take to satisfy the unanimity requirement. Compare Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (determining that one defendant's timely notice of removal representing consent of the other defendants is sufficient), and Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-02 (6th Cir. 2004) (same), with Getty Oil, Div. of Texaco, In. v. Ins. Co. of North Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("[T]here must be some timely filed written indication from each served defendant . . . that it has actually consented to [removal]."), and Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) (same).

The Second Circuit Court of Appeals has required that each defendant who did not join a notice of removal must "independently express their consent to removal." Pietrangelo, 686 F.3d at 66. Courts in this Circuit generally "have held that the 'independent consent' requirement demands that each defendant must submit written consent unambiguously agreeing to removal." Metro. Transp. Auth., 2015 WL 1730067, at *4 (internal quotation marks and citation omitted); see also, e.g., Contreras v. Britestarr Homes, Inc., No. 19-CV-6980, 2019 WL 4930073, at

5

*2 (S.D.N.Y Oct. 7, 2019); L.Y.E. Diamonds Ltd., 2017 WL 1207839, at *4 (collecting cases from courts in this district to demonstrate that most require a form of unambiguous, written consent).[1] But see Harraz v. EgyptAir Airlines Co., No. 18-CV-12364, 2019 WL 6700946, at *6-7 (S.D.N.Y. Dec. 9, 2019) (declining to remand when other defendants had not joined the notice of removal but all defendants were represented by the same attorney and any error was cured by defendants' joint opposition to the motion to remand).

Therefore, it is "insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) (citing Codapro Corp. v. Wilson, 997 F. Supp. 322, 326 (E.D.N.Y. 1998)). Courts have found consent insufficient for removal where a single defendant

---

[1] Courts of other districts in the Second Circuit also require unambiguous, written consent directed to the court. See, e.g., Edelman v. Page, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) ("[M]ost courts have required some form of unambiguous written evidence of consent to the court in [a] timely fashion.") (internal quotation marks and citation omitted); Owczarek v. The Austin Co., No. 03-CV-0750E(F), 2004 WL 625273, at *1 (W.D.N.Y. Feb. 11, 2004) ("Each defendant must provide the court with written consent for removal – as opposed to providing such to a co-defendant."); Town of Moreau v. State Dep't of Envtl. Conservation, No. 96-CV-983, 1997 WL 243258, at *5 (N.D.N.Y. May 5, 1997) (remanding in part because a co-defendant's letter expressing consent was not communicated directly to the court).

6

signed a notice of removal and submitted letters from his co-defendants consenting to removal, Codapro, 997 F. Supp. at 326 (E.D.N.Y. 1998), and where a co-defendant called the removing defendant to provide consent and the removing defendant noted that consent in their notice of removal, L.Y.E. Diamonds Ltd., 2017 WL 1207839, at *5. In Edelman, a case in which the defendants' attorneys exchanged emails expressing consent to removal, the court concluded that the emails were insufficient because consent cannot merely be "communicated among the defendants . . .; each defendant must notify the Court of its consent prior to the expiration of the thirty-day period for the removal petition to be timely." 535 F. Supp. 2d at 295 (D. Conn. 2008) (citing Berrios v. Our Lady of Mercy Med. Ctr., No. 99-CV-21, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999)). "The failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." In re Vill. of Kiryas Joel, N.Y., No. 11-CV-8494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012)).

In this case, Amtrak filed a Notice for Removal and represented to the Court that defendants DASNY and ESD consented to removal. To support its assertion, Amtrak attached to the Notice an email it received from counsel for DASNY on September 9, 2019, expressing consent to removal on behalf of DASNY and

7

ESD. Dkt. No. 2-3. The email was not directed to the Court and therefore was not sufficient to constitute consent. Moreover, it did not even purport to be signed by ESD. Because failure to comply with the rule of unanimity is fatal, this case must be remanded. L.Y.E. Diamonds Ltd., 2017 WL 1207839, at *6.

Moreover, Amtrak failed to obtain consent from the City Defendants.[2] Amtrak correctly argues that DOT and DEP may not be sued in their own names. See N.Y.C. Admin. Code & Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); see also Russell Pipe & Foundry Co. v. City of New York, No. 94-CV-8642, 1997 WL 80601, at *6 (S.D.N.Y. Feb. 25, 1997) (DEP is not a suable entity). However, Amtrak did not seek consent from the City.

---

[2] After Amtrak filed its opposition to the plaintiff's motion to remand, DASNY and the City filed motions to join the opposition. Dkt. No. 16; Dkt. No. 20. Judges in this district disagree on whether a co-defendant's joining an opposition to remand can cure consent-related defects in removal. Compare Harraz, 2019 WL 6700946, at *7 (refusing to grant a motion to remand because "any consent-related defect in the notice has been sufficiently cured by the Defendants' joint opposition" to remand), with L.Y.E. Diamonds Ltd., 2017 WL 1207839, at *5 ("[T]he unduly creative view that a district court may ignore or allow defendants to cure defects in a notice of removal . . . has been repeatedly called into doubt.") (internal quotation marks and citation omitted). It is unnecessary to decide this issue because ESD did not join the opposition to remand. Ultimately, the defendants failed to satisfy the unanimity requirement.

8

**B.**

Amtrak argues that it did not need to seek consent from the City because the City is a nominal party and thus satisfied one of the three recognized exceptions to the rule of unanimity. "[A] party is nominal when that party has little or no interest in the outcome of the litigation and no cause of action or claim for relief is or could be stayed against it." Metro. Transp. Auth., 2015 WL 1730067, at *5 (internal quotation marks, alterations and citation omitted). The party seeking to demonstrate that another is nominal bears the burden of proof, and any "doubts are to be resolved in favor of remand." Id. (quoting Nannuzzi v. King, 660 F. Supp. 1445, 1449 (S.D.N.Y. 1987)).

Amtrak's only evidence in support of its assertion that the City is a nominal party is a tax map for 421 Eighth Avenue, which purportedly demonstrates that the City does not own the property where the plaintiff was allegedly injured. This is not sufficient to demonstrate the nominal status of the City. First, the plaintiff alleges that he suffered injuries at construction sites located at 421 Eighth Avenue and 383 West 31st Street; Amtrak has not put forward any evidence regarding ownership of the latter property. Second, the plaintiff's claims for relief are predicated on more than ownership. The plaintiff also alleges that the City by its agents, servants and/or employees

9

operated; managed; maintained; controlled; supervised; repaired; inspected; made special use of; performed construction, renovation, and repairs at; and designed the Premises. Compl. ¶¶ 57-177. Third, Amtrak has asserted three cross-claims against the City, suggesting that the City has an interest in the outcome of the litigation. Finally, "no motions to dismiss the complaint" against the City Defendants have been filed. See Nannuzzi, 660 F. Supp. at 1449 (finding a party not nominal in part because no motion to dismiss was filed in state court "prior to removal or in this court subsequent thereto"). Resolving all doubts in favor of remand, Amtrak has failed to meet its burden to demonstrate that the City is a nominal party.

Amtrak also argues that because the City Defendants had not appeared, Amtrak was not obligated to obtain their consent. However, "[i]n this Circuit, the district courts have uniformly determined that all defendants must join in the removal petition unless the non-joining defendants have not been served with service of process at the time the removal petition is filed or unless one of the two other exceptions. . . applies." Anglada v. Roman, No. 06-CV-10173, 2006 WL 3627758, at *2 (S.D.N.Y. Dec. 12, 2006) (internal quotation marks and citation omitted). The court in Anglada refused to "expand the scope of the exceptions to allow for removal without the consent of all defendants who have been property served" where the removing defendant did not

10

know that its co-defendants had been served. Id.; see also Metro. Transp. Auth., 2015 WL 1730067, at *7 (concluding that the removing defendant's argument that it did not know whether the other defendants had been served and thus could not determine whether they consented failed because it did "not implicate any exception to the rule of unanimity"). The defendants were all served before Amtrak filed its notice of removal.

Therefore, the City's consent was required for proper removal. Failure to obtain that consent requires remand. Similarly, the case must also be remanded because Amtrak failed to obtain consent from DASNY and ESD and has not argued that any exceptions to the rule of unanimity apply to DASNY or ESD. Therefore, the plaintiff's motion to remand this case to the New York State Supreme Court, New York County, is **granted**.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to remand is **granted**. The Clerk is directed to remand this case to the New York State Supreme Court, New York County. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **July 2, 2020**                   ___/s/ John G. Koeltl_____
                                               **John G. Koeltl**
                                       **United States District Judge**